UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CATHYJEAN M., )<br>)<br>      **Plaintiff** )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of )<br>Social Security, )<br>)<br>      **Defendant** ) | No. 1:22-cv-00289-LEW |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability (SSD) appeal contends that the Administrative Law Judge (ALJ) erred in finding that she had no severe physical impairment from her alleged onset date of disability, January 24, 2014, through her date last insured for SSD benefits, June 30, 2015. *See* Plaintiff's Brief (ECF No. 14) at 3-17. I discern no reversible error and, accordingly, recommend that the Court affirm the Commissioner's decision.

**I. Background**

Following a 2019 remand of this case by the Appeals Council for further consideration of whether any of the Plaintiff's medically determinable impairments were severe, *see* Record at 1387-88, the ALJ found, in relevant part, that from January 24, 2014, through June 30, 2015, the Plaintiff (1) had the medically determinable impairments of shoulder arthropathy, neuritis of the thoracic/lumbar spine, thyroid disorder, obesity, and an affective disorder, *see* Record at 473, (2) had

1

no severe impairment or combination of impairments, *see id.* at 474; and (3) therefore had not been disabled, *see id.* at 481. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

Absent a material error in an ALJ's resolution of conflicts in the evidence, including the expert opinion evidence of record, this Court defers to an ALJ's weighing of the evidence, which is the core duty of an ALJ. *See, e.g., Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("The [Commissioner] may (and, under [her] regulations, must) take medical evidence. But the resolution

of conflicts in the evidence and the determination of the ultimate question of disability is for [her], not for the doctors or for the courts.").

ALJs need not cite or discuss all potentially relevant evidence of record, nor could they feasibly do so given the volume of most medical records. *See, e.g.*, *Newcomb v. Colvin*, No. 2:15-cv-463-DBH, 2016 WL 3962843, at *10 (D. Me. July 22, 2016) (rec. dec.) ("The [ALJ] was not required to discuss every detail of every [medical expert] opinion."), *aff'd*, 2016 WL 4250259 (D. Me. Aug. 10, 2016).

Accordingly, "[t]he mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec.), *aff'd*, 2017 WL 2963371 (D. Me. July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019). Yet, the Plaintiff primarily does just that, highlighting treatment notes, objective testing results, and medical opinions that she asserts cut in favor of a finding that she had severe impairments without engaging with contrary evidence relied on by the ALJ. *See* Plaintiff's Brief at 5-17; Record at 473-81.

The Plaintiff also argues that the ALJ's analysis was flawed in several respects that require remand, s*ee* Plaintiff's Brief at 9-17; however, for the reasons that follow, I am unpersuaded.

The Plaintiff first contends that the ALJ both (1) failed to explain how the evidence demonstrated that her physical impairments were nonsevere and (2) impermissibly relied solely on her own "lay interpretation of the radiological

3

testing" to reach that conclusion. *Id*. at 10-12. On the contrary, the ALJ's analytical pathway is clear, and her finding that the Plaintiff had no severe physical impairment is supported by substantial evidence. She explained that she gave (1) great weight to the September 21, 2016, opinion of agency nonexamining consultant David Carnenga, M.D., that the Plaintiff had no severe physical impairment during the relevant period; (2) little weight to the June 8, 2016, opinion of agency nonexamining consultant J.H. Hall, M.D., that the Plaintiff had a severe degenerative disc disease impairment causing exertional, postural, and manipulative limitations during the relevant period; and (3) no weight to opinions of treating physician Sheelagh Prosser, M.D., dated November 20, 2017, and September 27, 2020, assessing exertional, manipulative, postural, environmental, and other limitations as a result of the Plaintiff's physical impairments. *See* Record at 475-76, 478-79, 1352-54, 1363-64, 1910-13, 2262-65. Even assuming that the ALJ did interpret raw medical evidence, any error is harmless because she relied on the opinion of Dr. Carnenga, an expert who had the benefit of review of the evidence at issue. *See id*. at 1361-64.

The Plaintiff next asserts that the ALJ held her to "a much higher standard" than the *de minimis* showing required by agency policy and First Circuit precedent. Plaintiff's Brief at 9-12. However, as discussed above, the ALJ resolved evidentiary conflicts and found that the Plaintiff had no severe physical impairments, a finding that is supported by the opinion of Dr. Carnenga.

The Plaintiff finally contends that, in rejecting Dr. Prosser's 2017 opinion, the ALJ failed to consider the "highly relevant fact" that Dr. Prosser was both a treating

and examining source. *Id*. at 12-15. She cites 20 C.F.R. § 404.1527(c)(2)(ii) and *May v. Soc. Sec. Admin. Comm'r*, No. 97-1367, 1997 WL 616196 (1st Cir. 1997), for the proposition that the ALJ should have accorded the 2017 Prosser opinion greater, or even significant, weight. *See id*. at 13-14.[1]

I find no fault with the ALJ's handling of Dr. Prosser's 2017 opinion. Pursuant to regulations in effect as of February 10, 2016, when the plaintiff filed her SSD application, *see* Record at 1348, a treating source's opinion on the nature and severity of a claimant's impairments is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the claimant's] case record[,]" 20 C.F.R. § 404.1527(c)(2).

When a treating source's opinion is not given controlling weight, it is to be weighed in accordance with enumerated factors. *See id*. § 404.1527(c). While ALJs "[g]enerally" will give more weight to medical opinions from examining and treating sources, 20 C.F.R. § 404.1527(c)(1)-(2), and "will give" the medical opinion of a treating source who "has reasonable knowledge of [a claimant's] impairment(s) . . . more weight than . . . if [the opinion] were from a nontreating source," *id*. § 404.1527(c)(2)(ii), an ALJ must also consider the supportability of a medical opinion and its consistency with the record as a whole, *see id*. § 404.1527(c)(3)-(4).

---

[1] The Plaintiff also asserts in passing that the ALJ "did not explicitly address" Dr. Prosser's 2020 opinion concerning her physical impairments. *See* Plaintiff's Brief at 13 n.18. However, the ALJ did address that opinion, according it no weight primarily on the basis that it seemed to describe the Plaintiff's status as of 2020, not June 30, 2015. *See* Record at 478.

An ALJ may give a treating source's opinion little weight or reject it, provided that he or she supplies "good reasons" for doing so. *See, e.g., id.* § 404.1527(c)(2) ("[The Commissioner] will always give good reasons in [her] notice of determination or decision for the weight [she] give[s] a [claimant's] treating source's medical opinion.").[2]

The ALJ addressed all of the relevant factors, noting that Dr. Prosser (1) had seen the Plaintiff only twice before June 30, 2015; (2) did not explain the basis for her statement that the Plaintiff's limitations had first appeared ten to twelve years before her date last insured; and (3) did not explain "what objective evidence reasonably show[ed] these 2017 diagnoses were medically present at all during the period at issue, let alone any support for their level of severity prior to the date last insured." Record at 479. She then provided examples of internal inconsistencies in the Prosser opinion and inconsistencies between the Prosser opinion and other providers' findings on examination. *See id.* This was a sufficient basis for the ALJ's decision to give the 2017 Prosser opinion no weight.

*May* is distinguishable in two respects. First, the narrow question presented was whether, on the basis of a treating source's retrospective opinion, the ALJ was required pursuant to Social Security Ruling 83-20 to consult a medical adviser to determine whether a claimant found disabled as of 1992 for purposes of Social

---

[2] The quoted regulations were superseded as to claims filed on or after March 27, 2017, by 20 C.F.R. § 404.1520c, pursuant to which the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. § 404.1520c.

Security Income (SSI) benefits had a severe mental impairment prior to his 1985 date last insured for SSD benefits.  *See May*, 1997 WL 616196, at *1.  Second, the First Circuit noted that there was no other medical evidence or medical opinion of record contradicting the treating source's retrospective opinion.  *See id*. at *2.

### IV.  Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be ***AFFIRMED***.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: October 20, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge